UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD SEABRON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DISTRICT COUNCIL 37, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO; LOCAL 983, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO; CITY OF NEW YORK,<br><br>　　　　Defendants. | **Case No. 1:21-cv-8274**<br><br>Hon. _____<br><br>**COMPLAINT** |

AND NOW comes Plaintiff Edward Seabron, by and through his undersigned attorneys, and states the following claims for relief against Defendants District Council 37, American Federation of State, County and Municipal Employees, AFL-CIO ("District Council 37"); Local 983, American Federation of State, County and Municipal Employees, AFL-CIO ("Local 983")[1]; and the City of New York, and avers as follows:

## SUMMARY OF THE CASE

1.　　This is a civil rights action pursuant to 42 U.S.C. § 1983 for monetary relief to redress the ongoing deprivation of Plaintiff's rights, privileges, and/or immunities under the First and Fourteenth Amendments of the United States Constitution. This deprivation is caused by Defendants' contracts, policies, and practices, under color of state law, including the state's Public Employees' Fair Employment Act, N.Y. Civ. Serv. Law, Article 14 (the "Taylor Law"), under which

---
[1] District Council 37 and Local 983 are jointly referred to herein as "Defendant Unions."

Defendants forced Plaintiff to remain a union member and had union dues or fees seized from Plaintiff's wages even though he is a public employee who resigned from and objects to financially supporting Defendant Unions.

2. The United States Supreme Court held that the First Amendment of the United States Constitution prohibits the government and unions from compelling nonmember public employees to pay dues or fees to a union as a condition of employment. *See Janus v. AFSCME, Council 31*, 138 S. Ct. 2448, 2486 (2018).

3. Defendants violated Plaintiff's constitutional rights by refusing to accept his resignation of union membership and by deducting and retaining payments of union dues and/or fees from his wages as a condition of his employment without his consent after Plaintiff resigned from Defendant Unions.

4. Defendants' concerted conduct violates Plaintiff's First and Fourteenth Amendment rights to free association, self-organization, assembly, petition, and freedoms of speech, thought, and conscience.

5. Additionally, Defendants acted in concert, by and through their agents and officials, to deduct and to accept union dues or fees from Plaintiff's wages without providing him any meaningful notice or opportunity to object to the ongoing deductions, the process by which the money was deducted, or the ways in which his money is used. These omissions violate Plaintiff's Fourteenth Amendment right to due process.

6. Because Defendants ignored Plaintiff's membership resignation and deducted union dues or fees from Plaintiff's wages in violation of his constitutional rights, Plaintiff seeks written judgment awarding compensatory and nominal damages for the violation of his First and Fourteenth Amendment rights, as well as attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**JURISDICTION AND VENUE**

7. This action arises under the Constitution and laws of the United States of America. It also arises under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of Plaintiff's rights, privileges, and immunities under the Constitution of the United States, particularly the First and Fourteenth Amendments thereto.

8. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331—because his claims arise under the Constitution of the United States—and 28 U.S.C. § 1343—because Plaintiff seeks relief under 42 U.S.C. § 1983.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant Unions are domiciled in and operate or do significant business in this judicial district, and a substantial part of the events giving rise to this action occurred in this judicial district.

**PARTIES**

10. Plaintiff Edward Seabron is, and was at all relevant times hereto, a "public employee" within the meaning of the Taylor Law. *See* N.Y. Civ. Serv. Law § 201.7 (McKinney 2020). He is employed by the City of New York in the New York City Police Department ("NYPD") as a Level 3 Traffic Enforcement Agent, Tow Truck Operator. Plaintiff is represented by Defendant Unions exclusively for purposes of collective bargaining. Plaintiff was a member of Defendant Unions but has not been a member since the date of his resignation.

11. Defendant District Council 37 is an "employee organization" within the meaning of the Taylor Law. *See* N.Y. Civ. Serv. Law § 201.5. District Council 37 and/or its affiliates represent certain City of New York employees, including Plaintiff, exclusively for purposes of collective bargaining. District Council 37 maintains a place of business at 125 Barclay Street, New York, New York and conducts its business and operations in the Southern District of New York.

12. Defendant Local 983 is an "employee organization" within the meaning of the Taylor Law. *See* N.Y. Civ. Serv. Law § 201.5. Local 983 represents certain City of New York employees, including Plaintiff, exclusively for purposes of collective bargaining. Local 983 maintains a place of business at 125 Barclay Street, New York, New York and conducts its business and operations in the Southern District of New York.

13. Defendant City of New York is a "government" or "public employer" within the meaning of the Taylor Law. *See* N.Y. Civ. Serv. Law § 201.6. The City of New York, by and through its Financial Information Services Agency, Office of Payroll Administration ("FISA-OPA"), issues wages to its employees, including Plaintiff, and processes payroll deductions of union dues and/or fees pursuant to the requirements of the Taylor Law.

## FACTUAL ALLEGATIONS

14. Acting in concert under color of state law, the City of New York and Defendant Unions have entered into a memorandum of agreement ("MOA"), collective bargaining agreement ("CBA"), and other agreements that control the terms and conditions of Plaintiff's employment.

15. Pursuant to the CBA and/or other agreements between Defendants, the City of New York, through FISA-OPA, processes the deductions of union dues and/or fees from Plaintiff's wages for Defendant Unions and transmits them to Defendant Unions.

16. State law requires Plaintiff's employer, the City of New York, to extend to Defendant Unions the right to dues deductions from the wages of its employees.

17. Specifically, the Taylor Law provides that "[a] public employer shall extend to an employee organization certified or recognized pursuant to this article the following rights: . . . (b) to membership dues deduction, upon presentation of dues deduction authorization cards signed by individual employees. . . ." N.Y. Civ. Serv. Law § 208.1.

18. The Taylor Law also provides that "[t]he right to such membership dues deduction shall remain in full force and effect until: (i) an individual employee revokes membership in the employee organization in writing in accordance with the terms of the signed authorization." N.Y. Civ. Serv. Law § 208.1.

19. Upon information and belief, the City of New York requires its employees to effectuate their union membership resignations and revocations of consent to union dues deductions through Defendant Unions.

20. Upon information and belief, the City of New York, by and through FISA-OPA, denies its employees' requests to resign their union membership and/or to end union dues and/or fees deductions from their wages without authorization from Defendant Unions.

21. Absent authorization from Defendant Unions, the City of New York will not cease processing union dues and/or fees deductions even if presented with a union membership resignation letter and revocation of consent to dues deductions directly from a public employee.

22. Plaintiff became a member of Defendant Unions after beginning his employment with NYPD as a Traffic Enforcement Agent in or about 2000.

23. Plaintiff is dissatisfied with the quality of representation, and other activities, of Defendant Unions, and accordingly resigned from Defendant Unions and sought to end union dues deductions via letters dated May 27, 2021, sent to District Council 37 and FISA-OPA.

24. Shortly thereafter, Plaintiff assisted a coworker in obtaining signatures from other employees in an effort to decertify Defendant Unions as his exclusive bargaining representatives.

25. Plaintiff's written resignation from Defendant Unions requested that Defendant Unions and FISA-OPA provide him with a copy of any document or agreement that Plaintiff signed that Defendant Unions or FISA-OPA believed to be the basis for refusing to allow Plaintiff to resign his membership in Defendant Unions and/or revoke his union dues deduction authorization.

26. Less than two weeks after Plaintiff's resignation, an official of Local 983, First Vice President and Traffic Enforcement Chapter Chair Marvin Robbins ("Robbins"), posted a video on a Local 983 Facebook page during which he referred to Plaintiff as a "snake," a "lying sack of s--t," and a "loser," among other things, in direct response to Plaintiff's decertification efforts.

27. Robbins also included a photoshopped picture in his June 8, 2021, Facebook post depicting Plaintiff shaking hands with an individual dressed in Ku Klux Klan attire.

28. Neither Defendant Unions nor FISA-OPA have responded to Plaintiff's May 27, 2021 letters, in which he resigned his membership in Defendant Unions and revoked his authorization for union dues deductions from his wages.

29. To date, Defendant Unions have not recognized Plaintiff as no longer a member of Defendant Unions.

30. The City of New York deducted union dues and/or fees for Defendant Unions from Plaintiff's wages until on or about July 29, 2021, more than two months after his resignation from union membership.

31. Defendant Unions retain the monies that were deducted from Plaintiff's wages after his resignation of union membership from Defendant Unions.

32. Defendants never provided Plaintiff with written notice of his constitutional rights, including the right as a nonmember to choose not to pay any union dues or fees to Defendant Unions or to due process, including notice and an opportunity to object to how any nonconsensual union dues or fees taken from him are used.

33. Plaintiff never waived his constitutional right as a nonmember not to pay union dues or fees to Defendant Unions.

34. Defendants, acting in concert pursuant to the CBA, the MOA, the Taylor Law, and their joint policies and practices, refused to acknowledge and/or honor Plaintiff's resignation of union membership and refused to immediately end union dues deductions from Plaintiff's wages.

35. Defendants, pursuant to the CBA, the MOA, the Taylor Law, other agreements between them, and/or their joint policies and practices, acted and are acting in concert under color of state law to collect, distribute, accept, and/or retain union dues or fees deducted from Plaintiff's wages after he resigned from Defendant Unions.

36. Defendant Unions continue to retain purported union dues or fees deducted from Plaintiff's wages after his resignation of membership in Defendant Unions and revocation of authorized dues deductions from his wages for Defendant Unions.

37. Defendants have taken and accepted union dues or fees from Plaintiff's wages against his will and without his consent.

38. Defendants, acting in concert under color of state law, did not provide Plaintiff with meaningful notice or opportunity to object to dues deductions for Defendant Unions, the process by which his money is deducted, or the ways in which his money is spent.

39. On information and belief, Defendant Unions use the financial support forcibly seized from Plaintiff while he was a nonmember for purposes of political speech and activity, among other purposes.

40. Plaintiff objects to the compelled association with and financial subsidization of any activities of Defendant Unions and/or their affiliates for any purpose, particularly the harassing speech Robbins has subjected Plaintiff to with the consent, either express or implied, of Defendant Unions.

## CLAIMS FOR RELIEF

### COUNT ONE
(Violation of 42 U.S.C. § 1983 and the
United States Constitution)

41. Plaintiff re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

42. The First Amendment to the Constitution of the United States protects associational, free speech, and free choice rights, and the Fourteenth Amendment to the Constitution of the United States incorporates the protections of the First Amendment against the States.

43. The First Amendment requires that "[n]either an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay." *Janus*, 138 S. Ct. at 2486.

44. There is no state interest, compelling or otherwise, justifying the state's requirement that individuals remain members of or provide financial support to a private organization, including a labor organization, for any length of time.

45. The Taylor Law, Sections 201 and 208, on their face and/or as applied by Defendants and/or Defendants' agreements, authorize and/or require the Defendants, by and through their agents and/or officials, to force public employees to remain union members and/or full dues payers despite their expressed intention to resign union membership and/or to end financial support of a union in violation of public employees' rights under the First Amendment.

46. Sections 201 and 208 of the Taylor Law, on their face and/or as applied by Defendants, permit Defendants to require that employees maintain unwilling association with and financial support of public employee organizations, such as Defendant Unions, and are therefore, unconstitutional.

47. This forced membership requirement impinges on Plaintiff's exercise of his rights to free association, self-organization, assembly, petition, and freedoms of speech, thought, and conscience as guaranteed by the First and Fourteenth Amendments of the Constitution of the United States.

48. The Taylor Law, on its face and/or as applied by Defendants, authorizes Defendants to violate Plaintiff's constitutional rights by withholding union dues and/or fees from his wages without his consent in violation of the Constitution of the United States as explained in *Janus*, 138 S. Ct. 2448.

49. Because Plaintiff has resigned his union membership, the First Amendment protects him from being forced to financially support or otherwise be associated with Defendant Unions against his will and without his consent.

50. A valid waiver of constitutional rights requires clear and compelling evidence that the putative waiver was voluntary, knowing, and intelligent and that enforcement of the waiver is not against public policy. Defendants bear the burden of proving that these criteria are satisfied.

51. Plaintiff has not waived his constitutional right as a nonmember not to provide financial support via payroll deduction, or other method, to Defendant Unions.

52. Plaintiff has not waived his constitutional right not to financially support Defendant Unions after he resigned his membership in Defendant Unions.

53. Defendant Unions acted and are acting in concert and under color of state law with the City of New York, by and through its agents, to seize, process, accept, and/or retain deductions of payments from Plaintiff's wages after he became a nonmember.

54. These forced payroll deductions, the retention of monies deducted from Plaintiff's wages since his union membership resignation, and Defendant Unions' failure to recognize and/or honor Plaintiff's union membership resignation, violate Plaintiff's rights protected by the First and

9

Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, by causing him to provide financial support, including of the political activities and speech of Defendant Unions, without his consent.

55. Defendants acted in concert under color of state law in seizing payments from Plaintiff's wages via payroll deduction pursuant to state law and Defendants' joint policies and practices despite Plaintiff's status as a union nonmember and his revocation of consent to payroll deductions.

56. Defendants, by deducting and collecting financial support from Plaintiff via payroll deduction despite his revocation of consent to dues deductions, and without clear and compelling evidence that he has waived his constitutional rights, deprived and are depriving Plaintiff of his First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

57. As a direct result of Defendants' concerted actions, taken pursuant to state law and their joint policies and practices, Plaintiff:

    a. was prevented from exercising his rights and privileges to disassociate from and to no longer fund and support the agenda, activities, expenses, and speech of Defendant Unions;

    b. has been deprived of his civil rights guaranteed under the Constitution and statutes of the United States; and

    c. has suffered monetary damages and other harm.

**COUNT TWO**
(Violation of 42 U.S.C. § 1983 and
the Fourteenth Amendment of the United States Constitution)

58. Plaintiff re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

59. The Fourteenth Amendment to the Constitution of the United States guarantees due process to citizens facing deprivation of liberty or property by state actors. *See Mathews v. Eldridge*, 424 U.S. 319, 348–49 (1976).

60. Additionally, public-sector unions and public employers have a responsibility to provide procedures that minimize constitutional impingement inherent in compelled association and speech and to facilitate the protection of public employees' rights. *See Chi. Tchrs. Union, Loc. No. 1 v. Hudson*, 475 U.S. 292, 307 & n.20 (1986).

61. Defendants have not implemented policies and procedures that are narrowly tailored to reduce the impingement on Plaintiff's constitutional rights, including the constitutionally required procedures and disclosures regarding the use of union dues or fees taken from him as recognized in *Hudson*.

62. Defendants have not provided Plaintiff with notice of or a meaningful opportunity to object to the continued seizure of a portion of his wages via payroll deductions by the City of New York or the use of his monies by Defendant Unions.

63. Plaintiff has never waived his due process rights, including his right not to subsidize the speech and activities of Defendant Unions.

64. As a result of Defendants' failure to provide procedural safeguards to protect Plaintiff's due process rights, Plaintiff was forced to pay fees even though he is a not a member of Defendant Unions.

65. As a direct result of Defendants' concerted actions, taken pursuant to state law and their joint policies and practices, Plaintiff:

    a. was prevented from exercising his rights and privileges to dissociate from and to no longer support the agenda, activities, speech, and expenses of a private organization that he objects to supporting; and

b.  was deprived of his civil rights guaranteed under the Constitution and statutes of the United States and has suffered monetary damages and other harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court order the following relief:

A.  **Monetary:** A judgment against Defendants awarding Plaintiff nominal and compensatory damages for the injuries sustained as a result of Defendants' unlawful interference with and deprivation of his constitutional and civil rights including, but not limited to, the amount of dues deducted from his wages after his resignation of membership in Defendant Unions, nominal damages plus interest thereon, and such other amounts as principles of justice and compensation warrant.

B.  **Attorneys' Fees and Costs:** A judgment awarding Plaintiff costs and reasonable attorneys' fees under 42 U.S.C. § 1988; and

C.  **Other:** Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: October 7, 2021

**s/ Tyler K. Patterson**
Tyler K. Patterson
NY Attorney I.D. No. 5076930
Email: tkpatterson@fairnesscenter.org
Nathan J. McGrath*
Email: njmcgrath@fairnesscenter.org
Danielle R Acker Susanj*
Email: drasusanj@fairnesscenter.org
THE FAIRNESS CENTER
500 North Third Street, Suite 600B
Harrisburg, Pennsylvania 17101
Telephone: 844.293.1001
Facsimile: 717.307.3424

*Attorneys for Plaintiff*

*motions for admission *pro hac vice* to be filed